IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JIMMY LEE DAVIS, #51030**                                                              **PLAINTIFF**

v.                                                              CIVIL NO. 3:21-cv-00556-HTW-LGI

**STEPHANIE PATRICK,**
**SANDRA WILLIAM and**
**HECTOR PORTILLIO**                                                              **DEFENDANTS**

### REPORT AND RECOMMENDATION

This case is before the Court on Defendants' Motion [51] for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies. Having considered the parties' submissions and the applicable law, the undersigned recommends that Defendants' Motion [51] be denied without prejudice.

### I.  BACKGROUND

*Pro se* Plaintiff Jimmy Davis ("Plaintiff") is a post-conviction inmate incarcerated by the Mississippi Department of Corrections ("MDOC"). Plaintiff is proceeding *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"), and he brings this suit pursuant to 42 U.S.C. § 1983. *See* Compl. [1]; Order [7]. The remaining named Defendants are Stephanie Patrick, Case Manager Supervisor at East Mississippi Correctional Facility (EMCF); Sandra William, Case Manager at EMCF; and Hector Portillio, Warden at EMCF. *See* Order [71] (dismissing Defendant Robinson).

Plaintiff asserts claims of custodial classification errors and improper housing in long-term segregation, along with a claim of assault against each remaining

Defendant. *Id.* at 2-3. On May 17, 2023, the Court entered an Order of Partial Dismissal [71] wherein Plaintiff's classification, housing, and segregation claims were dismissed. The Court found that Plaintiff's "claims of assault against Defendants Patrick, William, and Portillio remain pending in this civil action." *Id.* at 6.

On January 5, 2023, prior to the Court's Order of Partial Dismissal [71], Defendants filed a Motion [51] for Summary Judgment, arguing Plaintiff failed to properly exhaust his available administrative remedies prior to filing this lawsuit. Plaintiff did not file a response, and the time for doing so has expired.

## II. DISCUSSION

A.  Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences are construed in the light most favorable to the non-moving party. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The Court must also "refrain from making credibility determinations or weighing the evidence." *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (citation omitted).

Summary judgment is routinely utilized to decide if pre-filing exhaustion is completed by prisoners in conditions-of-confinement cases. *See, e.g., Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (finding "there is no genuine issue of material fact as to whether Wilson exhausted his administrative remedies, and summary judgment was appropriate"); *Dillon*, 596 F.3d at 272 ("[E]xhaustion is a threshold issue that

courts must address to determine whether litigation is being conducted in the right forum at the right time."). If defendants meet their "initial summary judgment burden of showing that there [is] no genuine issue of material fact regarding exhaustion" and the prisoner-plaintiff "fail[s] to come forward with specific facts showing there [is] a genuine dispute as to exhaustion, the district court [is] required to dismiss his claims." *Jackson v. Hall*, 763 F. App'x 376, 376-77 (5th Cir. 2019) (affirming summary judgment dismissal for failure to exhaust administrative remedies, noting that district court did not err by ruling on prisoner's claims in the context of summary judgment without allowing discovery or conducting an evidentiary hearing).

B.  The PLRA's Exhaustion Requirement

The PLRA provides that an inmate may not sue under federal law until exhausting available administrative remedies. 42 U.S.C. § 1997e(a). The exhaustion requirement (1) "give[s] an agency an opportunity to correct its own mistakes . . . before it is haled into federal court" and (2) it permits "claim resolution in proceedings before an agency because it is faster and more economical than litigation in federal court." *Johnson v. Ford*, 361 F. App'x 752, 755 (5th Cir. 2008) (internal quotation marks and citations omitted) (discussing purposes of § 1997e(a)).

Exhaustion under the PLRA is an affirmative defense, and the burden is on Defendants to demonstrate that Plaintiff failed to exhaust available administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). To meet their burden,

Defendants "must establish" without doubt "all of the essential elements of the defense of exhaustion." *Wilson*, 776 F.3d at 299 (citation omitted).

The PLRA dictates proper exhaustion, meaning that "prisoners must complete the administrative review process in accordance with the applicable procedural rules– rules that are defined not by the PLRA, but by the prison grievance process itself." *Butts*, 877 F.3d at 582 (quoting *Jones*, 549 U.S. at 218). The exhaustion requirement is satisfied only if the prisoner pursues the administrative remedy "to conclusion." *Wilson*, 776 F.3d at 301 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). A prisoner must properly complete the exhaustion of available administrative remedies prior to filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("Pre-filing exhaustion is mandatory").

C.  <u>MDOC's Administrative Remedy Program</u>

Initially, the Court notes that MDOC's Administrative Remedy Program ("ARP") is detailed in Chapter VIII of the Inmate Handbook. Defendants filed a copy of Chapter VIII of the Inmate Handbook as Exhibit "E" [51-5] to their Motion [51] for Summary Judgment. The Court also takes judicial notice of the Inmate Handbook posted on MDOC's website. *See Huskey v. Jones*, 45 F.4th 827, 831 n.3 (5th Cir. 2022) (noting district court properly took judicial notice of MDOC's Inmate Handbook as posted on its website) (citations omitted).[1]

MDOC employs a two-step ARP process through which an inmate may present grievances relating to his incarceration. *See Jackson*, 763 F. App'x at 377. To utilize

---

[1] https://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook, aspx.

the ARP,

> [a]n inmate must file a grievance within 30 days of the complained of incident. The grievance is reviewed by the prison's legal-claims adjudicator and, if there is an adverse response at the first step, the inmate may appeal to step two. If the inmate disagrees with the step two response, he may sue.

*Wheater v. Shaw*, 719 F. App'x 367, 369-70 (5th Cir. 2018).

D.   Plaintiff's Filings with the Administrative Remedy Program

In support of their Motion for Summary Judgment, Defendants submit an affidavit by Marco Ugalde, the ARP Coordinator at EMCF. *See* [51-6] at 1-2. Ugalde, details three grievances submitted through the ARP process by Plaintiff "complaining that he ha[s] not been re-located from extended restrictive housing to a general population unit." *Id.* at 2. The grievances are identified as EMCF 21-468, EMCF 21-593, and EMCF 21-730. *Id.* Ugalde further states that, "After a careful search and review, Jimmy Davis filed no other grievances complaining of his confinement to extended restricted housing from July 14, 2020 [to] December 8, 2021." *Id.*

1. EMCF 21-468

Plaintiff submitted the grievance identified as EMCF 21-468 on June 24, 2021, complaining about his classification status and housing location. *See* [51-3] at 5. There are no allegations of assault, or any other complaints asserted in this grievance. On July 27, 2021, a first step response issued, which Plaintiff appealed on August 2, 2021. *Id.* at 8. A second step response issued for this grievance on August 19, 2021. *Id.* at 9.

2. EMCF 21-593

Prior to receiving a second step response to grievance EMCF 21-468, on August 16, 2021, Plaintiff submitted grievance EMCF 21-593 reasserting his complaints regarding his classification, segregation, and housing location. [51-7] at 5. Like the prior grievance, there are no allegations of assault, or any other complaints asserted in this grievance. On October 7, 2021, a first step response issued which Plaintiff appealed on October 15, 2021. *Id.* at 8. On November 17, 2021, a second step response issued for this grievance. *Id.* at 10.

3. EMCF 21-730

Prior to completion of grievances EMCF 21-468 and EMCF 21-593, Plaintiff submitted grievance EMCF 21-730, reasserting his claims of classification errors and improper housing in segregation at EMCF. [51-6] at 26-28. Once again, there are no allegations of assault, or any other complaints asserted in this grievance. On December 3, 2021, a first step response issued stating Plaintiff was transferred to the Central Mississippi Correctional Facility. *Id.* at 31. According to the records submitted, Plaintiff did not appeal this grievance. *Id.* at 22-23.

E. Arguments of the Parties

Defendants maintain that Plaintiff's grievances fail to provide Defendants with adequate notice of the claims asserted against them in this civil action or are otherwise incomplete. For these reasons, Defendants argue they are entitled to summary judgment for Plaintiff's failure to exhaust his administrative remedies. As

6

stated above, Plaintiff did not file a response to the Motion for Summary Judgment, and the time for doing so has expired.

F.   Analysis

After review of Plaintiff's ARP records, it is not clear if Plaintiff filed a grievance asserting his claims of assault against the remaining Defendants. As mentioned above, Defendants filed their Motion [51] for Summary Judgment prior to the Order [71] dismissing Plaintiff's claims of custodial classification errors and improper housing in long-term segregation.

The three grievances filed in support of Defendants' Motion [51], identified as EMCF 21-468, EMCF 21-593, and EMCF 21-730, only concern Plaintiff's classification and housing complaints. None of these grievances even mention an assault and clearly fail to give Defendants adequate notice of the claims of assault levied against them in this case. However, the records submitted do not confirm that there are no *other* grievances submitted by Plaintiff concerning the alleged assaults that may or may not establish Plaintiff's exhaustion of his administrative remedies as to his remaining claims. The affidavit of the ARP Coordinator for EMCF, verifies that "[a]fter a careful search and review, Jimmy Davis filed no other grievances complaining of his confinement to extended restricted housing from July 14, 2020 [to] December 8, 2021." *Id.* It may be that the three grievances identified above are the only grievances filed by Plaintiff about his incarceration at EMCF, but without such confirmation on the record, summary judgment is premature.

In conclusion, the record fails to specifically address Plaintiff's assault claims in a manner allowing the undersigned to determine if Plaintiff completed pre-filing exhaustion of his administrative remedies as to the remaining claims in this civil action.

### III.  RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that Defendants' Motion [51] for Summary Judgment be DENIED WITHOUT PREJUDICE to re-urging with evidence specifically addressing the exhaustion of Plaintiff's remaining assault claims.

### IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 18th day of May, 2023.

s/ *LaKeysha Greer Isaac*
UNITED STATES MAGISTRATE JUDGE