IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JIMMY LEE DAVIS, #51030**                                                                                        **PLAINTIFF**

**v.**                                                                         **CIVIL NO. 3:21-cv-00556-HTW-LGI**

**STEPHANIE PATRICK,**
**SANDRA WILLIAM and**
**HECTOR PORTILLIO**                                                                                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

This case is before the Court on Defendants' renewed Motion [79] for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies. Having considered the parties' submissions and the applicable law, the undersigned recommends that Defendants' Motion [79] be granted.

### I.  BACKGROUND

*Pro se* Plaintiff Jimmy Davis ("Plaintiff") is a post-conviction inmate incarcerated by the Mississippi Department of Corrections ("MDOC"). Plaintiff is proceeding *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"), and he brings this suit pursuant to 42 U.S.C. § 1983. *See* Compl. [1]; Order [7]. The remaining named Defendants are Stephanie Patrick, Case Manager Supervisor at East Mississippi Correctional Facility ("EMCF"); Sandra William, Case Manager at EMCF; and Hector Portillio, Warden at EMCF. *See* Order [71] (dismissing Defendant Robinson).

On December 6, 2022, the undersigned conducted a screening hearing wherein Plaintiff clarified and amended his claims by his sworn testimony. *See* Hearing

Transcript [49]. Plaintiff asserts claims of custodial classification errors and improper housing in long-term segregation, along with a claim of assault against Defendants Patrick, William, and Portillio. *See* Order [71] at 2–3. On May 17, 2023, the Court entered an Order of Partial Dismissal [71] dismissing Plaintiff's classification, housing, and segregation claims. The Court found that Plaintiff's "claims of assault against Defendants Patrick, William, and Portillio remain pending in this civil action." *Id*. at 6.

On January 5, 2023, prior to the Court's Order of Partial Dismissal [71], Defendants filed a Motion [51] for Summary Judgment, arguing Plaintiff failed to properly exhaust his available administrative remedies before filing this lawsuit. On May 18, 2023, the undersigned entered a Report and Recommendation [73] finding that the submitted prison grievance records focused on Plaintiff's classification, housing, and segregation claims that were subsequently dismissed. [73] at 7. The undersigned further found that none of the submitted grievances "even mention an assault and clearly fail to give Defendants adequate notice of the claims of assault levied against them in this case," but it was not clear if Plaintiff filed any other grievances concerning the alleged assaults. *Id*. The undersigned recommended that Defendants' Motion [51] for Summary Judgment be denied without prejudice to "re-urging with evidence specifically addressing the exhaustion of Plaintiff's remaining assault claims." *Id*. at 8. On September 7, 2023, the Court adopted the undersigned's Report and Recommendation [73] and denied Defendants' initial Motion [51] for Summary Judgment without prejudice. *See* Order [83].

2

On July 26, 2023, Defendants filed a renewed Motion [79] for Summary Judgment, arguing Plaintiff failed to properly exhaust his available administrative remedies—specifically as to Plaintiff's remaining assault claims—prior to filing this lawsuit. On August 11, 2023, Plaintiff filed a document, titled "Motion and Exhibit of Evidence, Copy of Previous A.R.P.," *see* [80] at 1, that the undersigned liberally construes as Plaintiff's Response to Defendants' renewed Motion [79] for Summary Judgment.[1]

## II. DISCUSSION

A.  Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences are construed in the light most favorable to the non-moving party, *see Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010), "but conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

---

[1] The Court must liberally construe *pro se* filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reiterating that a document filed *pro se* is "to be liberally construed"); *Prince v. Curry*, 423 F. App'x 447, 451 (5th Cir. 2011) (finding "in accordance with the liberal construction of *pro se* filings" district court should have construed prisoner's motion to supplement his § 1983 complaint as an amended complaint). Likewise, the Fifth Circuit has "frequently instructed district courts to determine the true nature of a pleading by its substance, not its label." *United States v. Ancelmo,* 742 F. App'x 855, 857 (5th Cir. 2018) (directing district court to construe motion for evidentiary hearing as a § 2255 motion) (quoting *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005)); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987) (finding that federal courts may construe and re-characterize a pro se prisoner action "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint").

Summary judgment is routinely utilized to decide if a prisoner completed pre-filing exhaustion in conditions-of-confinement cases. *See, e.g.*, *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (finding "there is no genuine issue of material fact as to whether Wilson exhausted his administrative remedies, and summary judgment was appropriate"); *Dillon*, 596 F.3d at 272 ("[E]xhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time."). If defendants meet their "initial summary judgment burden of showing that there [is] no genuine issue of material fact regarding exhaustion" and the prisoner-plaintiff "fail[s] to come forward with specific facts showing there [is] a genuine dispute as to exhaustion, the district court [is] required to dismiss his claims." *Jackson v. Hall*, 763 F. App'x 376, 376-77 (5th Cir. 2019) (affirming summary judgment dismissal for failure to exhaust administrative remedies, noting that district court did not err by ruling on prisoner's claims in the context of summary judgment without allowing discovery or conducting an evidentiary hearing).

B.    The PLRA's Exhaustion Requirement

The PLRA provides that an inmate may not sue under federal law until exhausting available administrative remedies. 42 U.S.C. § 1997e(a). The exhaustion requirement (1) "give[s] an agency an opportunity to correct its own mistakes . . . before it is haled into federal court" and (2) it permits "claim resolution in proceedings before an agency because it is faster and more economical than litigation in federal court." *Johnson v. Ford*, 361 F. App'x 752, 755 (5th Cir. 2008) (internal quotation marks and citations omitted) (discussing purposes of § 1997e(a)). It is well-settled

4

that a prisoner must complete the exhaustion of available administrative remedies prior to filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("Pre-filing exhaustion is mandatory").

Exhaustion under the PLRA is an affirmative defense, and the burden is on Defendants to demonstrate that Plaintiff failed to exhaust available administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). To meet their burden, Defendants "must establish" without doubt "all of the essential elements of the defense of exhaustion." *Wilson*, 776 F.3d at 299 (citation omitted).

The PLRA dictates proper exhaustion, meaning that "prisoners must complete the administrative review process in accordance with the applicable procedural rules– rules that are defined not by the PLRA, but by the prison grievance process itself." *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (quoting *Jones*, 549 U.S. at 218); *see also Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015) (per curiam) ("Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them."). Finally, the exhaustion requirement is satisfied only if the prisoner pursues the administrative remedy "to conclusion." *Wilson*, 776 F.3d at 301 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

C. <u>MDOC's Administrative Remedy Program</u>

Initially, the undersigned notes that MDOC's Administrative Remedy Program ("ARP") is detailed in Chapter VIII of the Inmate Handbook. Defendants filed a copy of Chapter VIII of the relevant Inmate Handbook as an Exhibit [51-5] to

their initial Motion [51] for Summary Judgment.[2] The undersigned considers the filed portions of the Inmate Handbook [51-5] in review of the instant Motion [79]. *See* Fed. R. Civ. P. 56(c)(3) (stating court is not limited to only cited materials but may consider "other materials in the record" when considering summary judgment motion).

The ARP is a two-step process through which an inmate may present grievances relating to his incarceration. *See* [51-5]; *Jackson*, 763 F. App'x at 377. To utilize the ARP,

> [a]n inmate must file a grievance within 30 days of the complained of incident. The grievance is reviewed by the prison's legal-claims adjudicator and, if there is an adverse response at the first step, the inmate may appeal to step two. If the inmate disagrees with the step two response, he may sue.

*Wheater v. Shaw*, 719 F. App'x 367, 369-70 (5th Cir. 2018) (internal citations omitted). An MDOC inmate completes the exhaustion of his administrative remedies when he proceeds through both steps of the ARP process. *See Wilson*, 776 F.3d at 302 (discussing MDOC's ARP process).

D.   <u>Plaintiff's Filings with the Administrative Remedy Program</u>

In support of their renewed Motion for Summary Judgment, Defendants submit a second affidavit by Marco Ugalde, the ARP Coordinator and custodian of the ARP records at EMCF. *See* [79-1] at 1. Ugalde "reviewed the records and

---

[2] Since the PLRA "requires that administrative remedies be exhausted before the filing of a § 1983 suit," *see Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir.1998), the rules governing MDOC's Administrative Remedy Program "at the time prior to the filing of [Plaintiff's] suit" apply. *Wilson*, 776 F.3d at 299.

information maintained in the ARP files at EMCF and on MDOC's Offendertrak database regarding grievances submitted" by Davis "through the ARP process pertaining to his incarceration at EMCF." *Id*. Ugalde concludes that,

> [a]fter a careful search and review, I find no grievances that Mr. Davis submitted before this lawsuit was filed regarding an alleged assault at EMCF. On June 20, 2023, the ARP department received the attached grievances dated August 21, 2021 and February 2, 2023 involving alleged assaults. Both grievances were received after this lawsuit was filed. The grievance dated August 21, 2021, was rejected because it did not specify any relief sought. Even assuming that the August 21, 2021 grievance was submitted on that date, Mr. Davis filed this present lawsuit only six days later on August 27, 2021, without exhausting his administrative remedies.

*Id*. The attached ARP records indicate no further action taken by Plaintiff regarding the assault-related grievance dated August 21, 2021.

E.   Arguments of the Parties

Defendants maintain that Plaintiff failed to file any grievances related to his remaining assault claims prior to filing this civil action on August 27, 2021. Defendants argue that even assuming the grievance received on June 20, 2023, that is dated August 21, 2021, was actually submitted on August 21, 2021, Plaintiff did not complete the administrative remedy program for this grievance; instead, Plaintiff filed this civil action less than a week later. For these reasons, Defendants argue they are entitled to summary judgment for Plaintiff's failure to exhaust his administrative remedies.

In his Response [80], Plaintiff argues that "since 8-21-21" he has had a "personal" copy of the grievance dated August 21, 2021, and that he is not aware of "what the E.M.C.F. A.R.P. Dept" did with the original. [80] at 1. Plaintiff surmises

7

that prison officials probably "destroyed" it and they are "lieing [sic] saying they don't see it." *Id*. Plaintiff claims that his copy of the grievance dated August 21, 2021, "prove[s]" that he "did file a[n] A.R.P." *Id*.

F.  Discussion

After review of Plaintiff's ARP records and the parties' submissions, it is clear that Plaintiff did not complete MDOC's ARP process for his remaining claims prior to filing this civil action. As discussed below, Plaintiff's actions (or lack thereof) do not demonstrate compliance with the PLRA's mandatory exhaustion requirement.

Plaintiff dates his Complaint August 21, 2021, *see* [1] at 11, and the envelope containing his Complaint is stamped by the prison legal library as "Approved Legal Mail Aug 24, 2021," *see* [1-2] at 1. On August 27, 2021, the Clerk of Court received and filed Plaintiff's Complaint on the Court's docket. "Pursuant to the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the pro se prisoner submits the pleading to prison authorities for mailing." *Myers v. Swindle*, 454 F. App'x 322, 323 (5th Cir. 2011) (citations omitted) ("The prison mailbox rule applies to the filing of § 1983 complaints."). It is chronologically impossible for Plaintiff to have completed exhaustion of his grievance dated August 21, 2021 prior to filing this civil action.[3]

---

[3] A brief review of Plaintiff's past litigation history casts doubt on the veracity of Plaintiff's assertion that he actually submitted a grievance on August 21, 2021, that the ARP Department received on June 20, 2023. *See Davis v. Catchings,* No. 3:23-cv-291-HTW-LGI (S.D. Miss. May 3, 2023) (dismissing Davis's § 1983 Complaint as sanction for misrepresenting the number of previous lawsuits he filed); *Davis v. Wilks*, No. 2:19-cv-67-KS-MTP (S.D. Miss. Oct. 9, 2019) (dismissing case with prejudice finding Davis's response to a question to be "blatantly not true"); *Davis v. Latham*, No. 4:06-cv-86-WAP-SAA (N.D. Miss. Aug. 1, 2006) (dismissing case with prejudice finding Davis forged the signature of a prison official on his *in forma pauperis* application and deeming Davis's justification for doing so to be "absurd"). Notably, June 20, 2023, is roughly 30 days after the

In Plaintiff's Response [80] to Defendants' renewed Motion for Summary Judgment, Plaintiff maintains that merely submitting the grievance dated August 21, 2021, proves he exhausted his claims. It does not. Plaintiff had a duty to proceed to step two in 2021, if he failed to receive a step-one response. There is no evidence that Plaintiff took any such action.

The Fifth Circuit takes a "strict approach" to the PLRA's exhaustion requirement, which includes proceeding through both steps of the ARP process, "even if MDOC fail[s] to respond at either of the steps." *Wilson,* 776 F. 3d at 299-302 (affirming summary judgment for failure to exhaust finding inmate only completed step one of MDOC's ARP process and then filed suit alleging grievances were not responded to in a timely fashion). As detailed in the Inmate Handbook, "[u]nless an extension has been granted, no more than 90 days shall elapse from beginning the process to ending the process." [51-5] at 2. The program further provides that, "expiration of response time limits without receipt of a written response shall entitle the inmate to move on to the next step in the process." *Id.* As explained by the Fifth Circuit,

> a prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process. Thus, it is only if the prison fails to respond at the last step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance.

*Wilson*, 776 F.3d at 301.

---

undersigned entered a Report and Recommendation [73] finding that none of Plaintiff's submitted grievances involved his assault claims.

First, it is without question that the assault-related grievance dated February 2, 2023, and received by the ARP department on June 20, 2023, does not meet the pre-filing exhaustion requirement. Second, even if the Court assumes Plaintiff properly submitted the grievance dated August 21, 2021, on that actual date, he did not receive a first-step response or allow adequate time to expire before moving on to step two or filing this lawsuit. Plaintiff signed his Complaint [1] on August 21, 2021, and this lawsuit was filed on the court docket on August 27, 2021. Any attempt to proceed to the next step for this grievance would not meet the prerequisite "expiration of response time limits" as required for an inmate to proceed to the next step based on the program's failure to respond. [51-5] at 2; *see also Wilson*, 776 F.3d at 302 (noting the "outer time limit" for how long MDOC's administrative remedy program can take is 90 days and finding prisoner's lawsuit filed prior to expiration of time limits and based on program's failure to respond at step-two level could not be properly exhausted). Plaintiff may not satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford*, 548 U.S. at 84; *see Lane v. Harris Cty. Med. Dep't*, 266 F. App'x 315, 315 (5th Cir. 2008) (finding proper exhaustion under PLRA means, in part, that prisoner "must [ ] comply with all administrative deadlines and procedural rules"). Based on the parties' submissions, including the ARP records detailed above, there is no genuine dispute as to Plaintiff's failure to complete the exhaustion of his administrative remedies prior to filing this Complaint.

Finally, the undersigned notes that by the Court's adoption of the prior Report and Recommendation [73], the Court found that Plaintiff's three grievances identified as EMCF 21-468, EMCF 21-593, and EMCF 21-730, fail to even mention an assault and clearly fail to give Defendants adequate notice of the claims of assault levied against them in this case. *See* Order [82]; Report and Recommendation [73] at 7. For clarity's sake, the undersigned reiterates that these grievances do not demonstrate exhaustion of Plaintiff's remaining assault claims.

In conclusion, Defendants maintain that Plaintiff failed to properly exhaust his available administrative remedies prior to filing his Complaint. In support of their Motion, they submit competent summary judgment evidence indicating that Plaintiff did not properly proceed through each step of MDOC's administrative remedy program regarding his remaining claims prior to filing this civil action. "Because [Plaintiff] fail[s] to come forward with specific facts showing there [is] a genuine dispute as to exhaustion," this Court is "required to dismiss his claims." *Jackson*, 763 F. App'x at 377 (citing *Gonzalez*, 702 F.3d at 788). Based on the foregoing, Defendants' renewed Motion for Summary Judgment should be granted and this case should be dismissed without prejudice.

### III. RECOMMENDATIONS

For the reasons stated, the undersigned recommends that:

1. Defendants' Motion [79] for Summary Judgment be GRANTED;

2. This case be dismissed WITHOUT PREJUDICE; and

3. A final judgment be entered as the adoption of this Report and Recommendation that will dispose of all the claims against all Defendants.

## IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error.  *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

This the 29th day of September, 2023.

s/ *LaKeysha Greer Isaac*
UNITED STATES MAGISTRATE JUDGE